

# COUNTY OF JIM WELLS
### STATE OF TEXAS

R. DAVID GUERRERO
*District Clerk*

P.O. Drawer 2219
Alice, Texas 78333
(361)668-5717

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/3/2015 2:24:32 PM
KEITH E. HOTTLE
Clerk

DELFI FLORES
*Chief Deputy*

AUGUST 3, 2015

HONORABLE KEITH E. HOTTLE, CLERK
4TH COURT OF APPEALS
BEXAR COUNTY JUSTICE CENTER
300 DOLOROSA SUITE 3200
SAN ANTONIO, TX 78205

*VIA ELECTRONIC FILING*

RE:    CAUSE NO. 15-03-54382-CV

       STYLED:  IN RE: ESPERANZA HUGHES

Dear Mr. Hottle,

       Attached  please find a certified copy of the Notice of Appeal in the above-mentioned cause.

       Should you have any questions regarding this matter, please feel free to contact our office.

Yours very truly,
R. David Guerrero, District Clerk

By _Diana Buena Acero_
Deputy

1



FILED AT 4:00 O'CLOCK P. M
R. DAVID GUERRERO

JUL 31 2015

CLERK DIST COURT JIM WELLS CO. TEXAS
BY _____ DEPUTY

Cause No. 15-03-54382-CV

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT OF |
| | § | |
| ESPERANZA HUGHES | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| | § | 79th JUDICIAL DISTRICT |

## NOTICE OF APPEAL OF INTERESTED PARTIES METROPOLITAN LIFE INSURANCE COMPANY AND METROPOLITAN TOWER LIFE INSURANCE COMPANY

Interested Parties Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance Company give notice of their intent to appeal the trial court's Final Order Approving Transfer of Partial Structured Settlement Payment Rights (the "Final Order") rendered on July 1, 2015, in Cause No. 15-03-54382-CV, styled *In Re Esperanza Hughes*, in the District Court, 79th Judicial District, Jim Wells County, Texas, to the Fourth District Court of Appeals, San Antonio, Texas. A true and correct copy of the Final Order is attached and incorporated herein by reference.

Respectfully submitted,

By: __/s/ *David Walsh*_____
David Walsh, Esq.
State Bar No. 00786327
dwalsh@walshlawcc.com
711 N. Carancahua St., Suite 510
Corpus Christi, TX 78401
(316) 882-2088 Telephone
(316) 288-8010 Fax
*Attorneys for Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance Company*

2

## CERTIFICATE OF SERVICE

I certify that on July 30, 2015 a true and correct copy of the foregoing instrument was served electronically, by hand delivery, facsimile, certified mail/return receipt requested, and/or first class mail to all parties of record and interested parties.

_____/s/ *David Walsh* _____
David Walsh, Esq.

3

Filed 07-01-2015 AT 11:29 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas

SANDRA GARCIA, Deputy

# CERTIFIED

## CAUSE NO. 15-03-54382-CV

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| ESPERANZA HUGHES | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| | § | 79TH JUDICIAL DISTRICT |

## FINAL ORDER APPROVING TRANSFER OF
## PARTIAL STRUCTURED SETTLEMENT PAYMENT RIGHTS

On the 8th day of June 2015, this case came on for final hearing and trial and consideration by the Court of the Application for Approval of Structured Annuity Benefits (the "Application") filed by Peachtree Settlement Funding, LLC, as the transferee ("Peachtree" or "Transferee"), and Esperanza Hughes as the payee ("Payee" or "Ms. Hughes.") pursuant to Chapter 141 of the Texas Civil Practice & Remedies Code (the "Texas Transfer Statute"). The Court, after due consideration of the Application, the Objection and Response to the proposed transfer filed by Metropolitan Tower Resources Group, Inc. and Metropolitan Life Insurance Company (the "MetLife Opposition"), and the other pleadings and documents on file with the Court and the evidence and testimony presented at the hearing, hereby makes the following findings:

1.      This Court has subject matter jurisdiction over this proceeding and personal jurisdiction over the parties. Venue of this matter is proper in Jim Wells County, Texas and this Court because Ms. Hughes resides in Jim Wells County, Texas. All persons/entities entitled to be served and/or provided notice of these proceedings have been served and/or provided such notice or have appeared in this proceeding directly and/or through counsel.

2.      Ms. Hughes is currently entitled to receive structured settlement payments from Metropolitan Tower Resources Group, Inc. ("Metropolitan Tower"). Metropolitan Tower funded its obligation to make those structured settlement payments to Ms. Hughes through the



FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS – Page 1 of 7

4

issuance of an annuity (Group Annuity contract # 8298/Certificate # 84882) by Metropolitan Life Insurance Company ("Metropolitan Life").

3.     Ms. Hughes is married and has one minor child and therefore has two dependents, as that term is defined in the Texas Transfer Statute.

4.     Ms. Hughes agreed in a Purchase Contract dated on or about March 21, 2015 (the "Transfer Agreement," a copy of which was filed with the Court as an exhibit to the Application) to transfer and assign to Peachtree 237 partial monthly payments in the amount of One Thousand Five Hundred and No/100 Dollars ($1,500.00) commencing August 1, 2015 and continuing through and including April 1, 2035. (These monthly payments which are being transferred and assigned by Ms. Hughes from August of 2015 through April of 2035 shall hereafter be referred to as the "Hughes Assigned Payments." The total monthly structured settlement/annuity payments coming due and owing from August of 2015 through April of 2035 [the "Term"], shall be referred to as the "Term Payments." The portion of each monthly Term Payment coming due and owing from August of 2015 through April of 2035 that are not being transferred and assigned by Ms. Hughes and which shall be retained by Ms. Hughes after this proceeding concludes, shall hereafter be referred to as the "Retained Hughes Payments").

5.     The proposed transfer of the Hughes Assigned Payments by Ms. Hughes to Peachtree, as reflected in the Transfer Agreement and described in the Application, satisfies and complies with all statutory requirements of Chapter 141 of the Texas Civil Practice and Remedies Code (the "Texas Transfer Statute"), and does not contravene any applicable statute or an order of any court or other governmental authority. The transfer also satisfies the Internal Revenue Code Section 5891 and does not contravene any Federal or State statute or the order of any court or responsible administrative authority.

FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 2 of 7

5

6.    The transfer is in the best interest of Ms. Hughes, taking into account the welfare and support of her dependents.

7.    Ms. Hughes has been advised in writing by Peachtree to seek independent professional advice regarding the transfer, and has either received the advice or knowingly waived the opportunity to seek and receive said advice in writing.

8.    Disclosures to the Payee were made, and notices of the hearing and the filing of the Application were provided to all interested parties, including Metropolitan Life and Metropolitan Tower (collectively, sometimes referred to herein as "MetLife") in accordance with the Texas Transfer Statute. Payee has been advised that her death prior to the due date of the last Hughes Assigned Payment shall not affect the transfer of the Hughes Assigned Payments from Payee to Peachtree and Payee understands she is giving up her rights, and the rights of her heirs, successors and/or beneficiaries, to the Hughes Assigned Payments, and Payee has requested that this transfer be approved.

9.    The Court has considered the objection/opposition filed by Metropolitan Tower and Metropolitan Life and herby overrules and denies said objection/opposition. Metropolitan Tower and Metropolitan Life's request for an award of attorneys fees is hereby denied.

10.    The Court further finds that Metropolitan Tower and Metropolitan Life are not being and will not be required or directed to divide any structured settlement/annuity payments amongst Ms. Hughes and Peachtree or any other party.

11.    This Order is a "Qualified Order" pursuant to 26 U.S.C. sec. 5891, *et seq.*

12.    Ms. Hughes and Peachtree agreed that the purchase price to be paid relative to the transaction between Peachtree and Ms. Hughes would be One Hundred Fifty-Eight Thousand Five Hundred Sixteen and 92/100 Dollars ($158,516.92).

FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 3 of 7

6

Based on the foregoing findings and the evidence submitted to the Court and being satisfied that the proposed transfer satisfies all applicable statutory requirements, IT IS ORDERED, ADJUDGED, AND DECREED that the Application is GRANTED and the transfer and assignment of Ms. Hughes right, title, and interest in and to the Hughes Assigned Payments to Peachtree is APPROVED.

IT IS FURTHER ORDERED that the MetLife Opposition is hereby denied and overruled and the request for attorneys fees by Metropolitan Tower and Metropolitan Life is denied.

IT IS FURTHER ORDERED that in furtherance of the Court's order granting the Application and approving the proposed transfer described herein, Metropolitan Life Insurance Company and Metropolitan Tower Resources Group, Inc., are hereby authorized and directed to pay and remit to Peachtree (as Ms. Hughes's designated and authorized payment agent for purposes of receiving the Term Payments) 100% of the Term Payments (the monthly structured settlement/annuity payments that come due and owing by Metropolitan Life and/or Metropolitan Tower from August of 2015 through April of 2035), when and as said payments come due. Upon receipt of each monthly Term Payment, Peachtree is entitled to retain the portion of each Term Payment that constitutes a Hughes Assigned Payment ($ 1,500.00 out of the total monthly payment of $ 6,500.00 per month), and is ordered to pay and remit to Ms. Hughes the portion of said Term Payments that constitute the Remaining Hughes Payments. (This arrangement shall be referred to as the "Servicing Arrangement.")

IT IS FURTHER ORDERED that the Term Payments shall be sent directly to Peachtree by Metropolitan Life pursuant to this order and the Servicing Arrangement described herein, at the following address or to such other address designated by Peachtree:

Peachtree Settlement Funding, LLC
P.O. Box 83364
Woburn, MA 01813-3364

IT IS FURTHER ORDERED that Metropolitan Life and Metropolitan Tower shall absolutely, irrevocably, and forever discharge and satisfy their legal and contractual obligation to make the Term Payments (including the Hughes Assigned Payments and the Remaining Hughes Payments) by paying and remitting said Term Payments to Peachtree pursuant to this court order and the Servicing Arrangement and by doing so, Metropolitan Life and Metropolitan Tower are forever released from, and shall have not have, any current or future liability or obligation to Ms. Hughes for the Term Payments. By signing and approving this order, Ms. Hughes acknowledges, understands, and agrees that she will receive the Remaining Hughes Payments through Peachtree (as her designated payment agent solely for purposes of receiving and distributing the Term Payments pursuant to the Servicing Arrangement and this Final Order) and that Metropolitan Life and Metropolitan Tower shall not be obligated to make any portion of the Term Payments directly to Ms. Hughes; that Ms. Hughes shall look solely and exclusively to Peachtree for the Remaining Hughes Payments; and that Metropolitan Life and Metropolitan Tower shall not, following the signing of this Final Order by the Court, have any further payment obligation or liability (contractual or legal) to Ms. Hughes relative to the Term Payments, including the Remaining Hughes Payments.

IT IS FURTHER ORDERED that the Remaining Hughes Payments shall remain the property of Ms. Hughes, even though said payments are to be paid and remitted to Peachtree pursuant to the Servicing Arrangement and this Final Order.

IT IS FURTHER ORDERED that Metropolitan Life and Metropolitan Tower are not being forced or required or ordered to split or divide any structured settlement/annuity payments amongst Ms. Hughes and Peachtree and shall not be required to do so in the future.

FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 5 of 7

8

IT IS FURTHER ORDERED that Metropolitan Life and Metropolitan Tower shall irrevocably change the beneficiary for the Hughes Assigned Payments to the Transferee, and no other individual or entity other than the Transferee shall have the authority to change the beneficiary for the Hughes Assigned Payments.

IT IS FURTHER ORDERED that pursuant to the Texas Transfer Statute, by making and delivering the Term Payments to Peachtree as set forth in the preceding paragraphs, MetLife shall, as to all parties except Peachtree, be discharged and released from any and all liability for the Term Payments.

All costs of Court are taxed against MetLife. This Order is a final judgment and is intended to and does fully and finally dispose of all claims and relief requested in this proceeding. All other relief not expressly granted in this order is DENIED.

SIGNED this 1st day of June, July 2015.

_____
JUDGE PRESIDING

FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 6 of 7

9

Agreed to and Approved
As to Form and Substance:

_Espeṙanza Huġ̇les, pro se_

NESBITT, VASSAR & MCCOWN, LLP
15851 Dallas Parkway, Suite 800
Addison, TX 75001
PH. (972) 371-2411
Telecopier - (972) 371-2410

By: _____
      Earl S. Nesbitt
      State Bar No. 14916900
      David S. Vassar
      State Bar No. 20503175

ATTORNEYS FOR PEACHTREE
SETTLEMENT FUNDING, LLC

APPROVED AS TO FORM ONLY:

By: _____
      David Walsh, Esq.
      State Bar Card No. 00786327
      dwalsh@walshlawcc.com
      711 N. Carancahua St., Suite 510
      Corpus Christi, TX 78401
      Tel. (316) 882-2088
      Fax. (316) 288-8010

_Attorneys for Metropolitan Life Insurance_
_Company and Metropolitan Tower_
_Life Insurance Company_

Of Counsel

Andrew J. Lorin (Admitted Pro Hac Vice)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone 215-988-2806
Facsimile 215-988-2757

FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 7 of 7

10

Agreed to and Approved
As to Form and Substance:

NESBITT, VASSAR & MCCOWN, LLP
15851 Dallas Parkway, Suite 800
Addison, TX 75001
PH. (972) 371-2411
Telecopier - (972) 371-2418

_____          By:
Esperanza Hughes, *pro se*

Earl S. Nesbitt
State Bar No. 14916900
David S. Vassar
State Bar No. 20503175

ATTORNEYS FOR PEACHTREE
SETTLEMENT FUNDING, LLC

APPROVED AS TO FORM ONLY:

By: _____
David Walsh, Esq.
State Bar Card No. 00786327
dwalsh@waslhlawcc.com
711 N. Carancahua St., Suite 510
Corpus Christi, TX 78401
Tel. (316) 882-2088
Fax. (316) 288-8010

*Attorneys for Metropolitan Life Insurance
Company and Metropolitan Tower
Life Insurance Company*

Of Counsel

Andrew J. Lorin (Admitted Pro Hac Vice)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, P A 19103
Telephone 215-988-2806
Facsimile 215-988-2757

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. David Guerrero District Clerk of Jim Wells
County, Texas do hereby certify that the fore-
going is a true and correct copy of the original
record, now in my lawful custody and possession,
filed on _____ as appears
_____ in my office.

Witness my official hand and seal of office, this
_____

R. DAVID GUERRERO, District Clerk
Jim Wells County, Texas
By: _____ Deputy



FINAL ORDER APPROVING TRANSFER OF PARTIAL
STRUCTURED SETTLEMENT PAYMENT RIGHTS -- Page 7 of 7